IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **Plaintiff,** | * | |
| v. | | Case No.: GJH-19-381 |
| | * | |
| **JAMES ROBERT DORSEY III,** | | |
| | * | |
| **Defendant.** | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

Defendant James Robert Dorsey III is currently detained at the D.C. Jail pending sentencing after he pleaded guilty to possession with the intent to distribute a controlled substance and possession of a firearm in furtherance of a drug trafficking crime. Pending before the Court is Mr. Dorsey's COVID-19 Motion for Reconsideration of Bond. ECF No. 32. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Mr. Dorsey's COVID-19 Motion for Reconsideration of Bond is denied.

**I.   BACKGROUND**

On June 18, 2019, a Criminal Complaint charged Mr. Dorsey with possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a); possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). After a detention hearing on July 26, 2019, ECF No. 9, Magistrate Judge Timothy J. Sullivan entered an Order of Detention by Agreement. ECF No. 10.

On August 7, 2019, a grand jury for the District of Maryland returned an Indictment charging Mr. Dorsey with possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a) ("Count One"); felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count Two"); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count Three"). ECF No. 18. On October 2, 2019, pursuant to a plea agreement, Mr. Dorsey pleaded guilty to Counts One and Three of the Indictment. ECF Nos. 24, 25. His sentencing hearing was initially scheduled for January 3, 2020, and it was later continued to April 16, 2020. It has now been postponed to an unknown future date pursuant to the District Court's Standing Order 2020-07.[1]

On April 9, 2020, Mr. Dorsey filed the pending COVID-19 Motion for Reconsideration of Bond, citing the COVID-19 pandemic. ECF No. 32. The Government filed a response on April 14, 2020. ECF No. 33.

## II.     DISCUSSION

Mr. Dorsey asks the Court to release him pending sentencing, citing the danger posed by the COVID-19 pandemic to individuals who are incarcerated. He explains that he has medical conditions, including Crohn's disease and Hidradenitis Suppurativa, that make him particularly vulnerable to the virus, and he provides the Court with information about the state of the pandemic at facilities operated by the D.C. Department of Corrections ("DOC"), including references to a lawsuit recently filed against DOC based on the conditions at its facilities and a March 25, 2020 letter written on behalf of the Fraternal Order of Police Department of

---

[1] Standing Order 2020-07 addresses the District of Maryland's operations under the exigent circumstances created by the COVID-19 pandemic, for which the Governor of the State of Maryland has declared a state of emergency and the Centers for Disease Control and Prevention and other public health authorities have advised taking precautions to reduce the possibility of exposure to the virus and to slow the spread of the disease. The Standing Order postpones all court proceedings originally scheduled to take place before June 5, 2020 until further Order of the Court.

Corrections Labor Committee documenting the concerns of DOC corrections officers regarding DOC's handling of the pandemic.

The Court "recognize[s] the unprecedented magnitude of the COVID-19 pandemic." *United States v. Martin*, No. PWG-19-140-14, ECF No. 209 at 4 (D. Md. Mar. 17, 2020). Virtually every sector of public life has been affected, *see United States v. Williams*, No. PWG-13-544, ECF No. 94 at 3 (D. Md. Mar. 24, 2020), and this is a rapidly evolving event about which the Court is continually learning as much information as possible, *see United States v. Gibson-Bey*, No. RDB-19-563, ECF No. 26 at 3 (D. Md. Mar. 31, 2020). A variety of sources have provided the Court with relevant information, some of which has been conflicting, but the Court has done its best "to get the most accurate picture of conditions 'on the ground,' often consulting with multiple sources, multiple times per day." *Id.*

The Court does not take lightly the seriousness of the pandemic nor does it dispute that it poses a serious risk to the general public, but the Court is still guided by the Bail Reform Act, 18 U.S.C. § 3143, in determining whether to release an individual who has been found guilty of an offense and is awaiting sentencing. Section 3143 provides that a person awaiting sentencing for certain crimes, including crimes for which Mr. Dorsey has pleaded guilty, "shall" be detained unless there is a substantial likelihood that a motion for acquittal or new trial will be granted or an attorney for the government has recommended that no sentence of imprisonment be imposed. 18 U.S.C. §§ 3142(f)(1), 3143(a)(2). Even then, the Court can only release a defendant if it "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." *Id.* § 3143(a)(2)(B). The Court considers a variety of factors in determining whether a defendant poses a danger to the community, including "the nature and circumstances of the offense charged, including whether the offense is a crime of

violence … or involves a … controlled substance [or] firearm"; "the weight of the evidence against the person"; "the history and characteristics of the person …"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g).

Here, even if Mr. Dorsey could show that there is a substantial likelihood that a motion for acquittal or new trial would be granted or that the Government plans to recommend a sentence that does not include prison time,[2] he cannot establish by clear and convincing evidence that he is not a danger to the community. Now that Mr. Dorsey has pleaded guilty to possession with intent to distribute a controlled substance and possession of a firearm in furtherance of a drug trafficking crime, there is a presumption in favor of detention. *See* 18 U.S.C. §§ 3143(a)(1), (2). These are serious crimes for which Mr. Dorsey faces a mandatory minimum sentence of five years with a maximum of life imprisonment on the firearm charge.

Moreover, Mr. Dorsey has a lengthy substance abuse history and an extensive criminal history, including several drug and robbery convictions. He was also under court supervision in a separate matter at the time he committed the offenses with which he was charged in this case, and he has previously violated probation on three separation occasions and had his supervision terminated unsatisfactorily in two matters. Thus, the Court cannot find by clear and convincing evidence that Mr. Dorsey would not pose a danger to the community were he to be released pending sentencing in this case.

It certainly should be noted that Mr. Dorsey's medical conditions and the COVID-19 public health emergency are factors that this Court has considered in determining the appropriate

---

[2] In its response, the Government asserts that it has no plans to recommend a sentence that does not include prison time. Mr. Dorsey has also not moved to withdraw his guilty plea, so there is no avenue for acquittal and a new trial is not a possibility.

resolution to this motion. And the Court certainly has concern for Mr. Dorsey, and for all others both inside and outside of the D.C. Jail, as we all grapple with COVID-19. Nonetheless, these concerns alone are insufficient to trigger the release of an individual who this Court has determined poses a threat to the safety of the community, particularly given proffers by the Government that the correctional and medical staff within DOC are implementing comprehensive precautionary and monitoring practices sufficient to protect detainees from exposure to the COVID-19 virus, *see Martin*, No. PWG-19-140-14, ECF No. 209 at 8, and, additionally, that they are equipped to handle Mr. Dorsey's medical needs should any issues arise. After weighing these considerations, the Court concludes that Mr. Dorsey must remain detained pending sentencing in this case.

### III.   CONCLUSION

For the foregoing reasons, it is ordered by the United States District Court for the District of Maryland that Mr. Dorsey's COVID-19 Motion for Reconsideration of Bond, ECF No. 32, is **DENIED**.

Date: April     20, 2020                            /s/_____
                                                    GEORGE J. HAZEL
                                                    United States District Judge